**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Young Ok Kim,

                Plaintiff,

- against -

Family Bob Inc., d/b/a Family Bob, Family Bob Corp., d/b/a Family Bob, and Jihan Ryu a/k/a James Ryu,

                Defendants.

Case No.

**COMPLAINT**

Plaintiff Young Ok Kim (" Plaintiff") by and through their undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants Family Bob Inc., d/b/a Family Bob, Family Bob Corp., d/b/a Family Bob ("Corporate Defendants"), Jihan Ryu a/k/a James Ryu, (collectively "Defendants"), allege and show the Court the following:

**INTRODUCTION**

1.     This is an action brought by Plaintiff on her own behalf alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (4) liquidated damages equal to the sum of unpaid wage, unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff Young Ok Kim ("Plaintiff") is an individual residing in Queens, New York.

8. Plaintiff was employed by Defendants' catering restaurant businesses from approximately May 10, 2018 to February 10, 2020 in two different locations.

## DEFENDANTS

9. Upon information and belief, Defendants own and operate a single integrated business enterprise comprising two catering restaurants located in both New York and New Jersey.

10. At all relevant times, Defendants maintain a policy of share employees' services, share control of their employees, and interchange employees as business so demands.

11. Upon information and belief, Defendants own operate, and/or control a catering restaurant located at 12-09 26th Ave. Unit 100 Rear, Flushing, New York 11354.

12. Upon information and belief, Defendant Family Bob Inc., d/b/a Family Bob ("NY Family Bob") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 12-09 26th Ave. Unit 100 Rear, Flushing, New York 11354.

13. Upon information and belief, NY Family Bob purchased and handled goods moved in interstate commerce.

14. Upon information and belief, Defendant Jihan Ryu a/k/a James Ryu ("Defendant" or "Defendant Ryu") is the owner, officer, director and/or managing agent of NY Family Bob at 12-09 26th Ave. Unit 100 Rear, Flushing, New York 11354 and participated in the day-to-day operations of NY Family Bob and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with NY Family Bob.

15. Upon information and belief, Defendant Ryu owns the stock of NY Family Bob and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

16. Upon information and belief, Defendants own operate, and/or control another catering restaurant located at 148 Main Street, Little Ferry, NJ 07643.

17. Defendant Family Bob Corp., d/b/a Family Bob ("NJ Family Bob") is a corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 148 Main Street, Little Ferry, NJ 07643.

18. Upon information and belief, Defendant Ryu is the owner, officer, director and/or managing agent of NJ Family Bob at 148 Main Street, Little Ferry, NJ 07643 and participated in the day-to-day operations of a catering restaurant at NJ Family Bob and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, , and is jointly and severally liable with NJ Family Bob.

19. Upon information and belief, Defendant Ryu owns the stock of NJ Family Bob and manages and makes all business decisions including but not limited to the amount in salary the employee will receive, the number of hours employees will work, and the tasks employees will perform.

20. At all times relevant herein, NY Family Bob was, and continues to be, "enterprise engaged in commerce" within the meaning of FLSA.

21. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by NY Family Bob.

22. At all times relevant herein, NJ Family Bob was, and continues to be, "enterprise engaged in commerce" within the meaning of FLSA.

23. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by NJ Family Bob.

4

24. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation and spread-of-hour premiums, and failed to provide her a wage notice at the time of hiring in violation of the NYLL.

25. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

26. Defendants committed the following alleged acts knowingly, intentionally and willfully.

27. Defendants knew that the nonpayment of overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and violate state and federal laws.

*Plaintiff Young Ok Kim*

**NY Family Bob**

28. From on or about May 10 2018 to on or about February 28, 2019, Plaintiff was hired by Defendants to work as a kitchen helper for Defendants' restaurant, NY Family Bob, located at 12-09 26th Ave. Unit 100 Rear, Flushing, New York 11354.

29. During the relevant period Plaintiff was responsible for receiving delivery orders by answering phone calls and/or text messages, peeling, washing and dicing ingredients and other food items, and rolling seaweed hand-rolls as a kitchen helper. Plaintiff worked six (6) days each week. From Monday to Friday, she worked from 6:00 a.m. to 4:00 p.m. each day. On Saturday, Plaintiff worked from 8:00 a.m. to 2:00 p.m. Plaintiff took Sunday off each week. Plaintiff worked without any uninterrupted break each working day. Therefore, Plaintiff worked forty-six (46) hours per week.

30. At the start of Plaintiff's employment, Defendant Ryu requested Plaintiff to be paid 30% of her wages by check and 70% of her wages in cash for each pay period for the entire period of her employment with Defendants.

31. From on or about May 10, 2018 to November 30, 2019, Plaintiff was paid at a fixed weekly rate at $800.00 per week and was paid 30% (approximately $240.00) by check and 70% (approximately $560.00) in cash weekly, regardless of how many hours Plaintiff worked.

32. Defendant Ryu supervised Plaintiff and dominated the business operations in NY Family Bob.

33. Defendant Ryu determined the assignment of Plaintiff's duties and the conditions of her employment.

34. Defendant Ryu handled the payrolls for NY Family Bob and remitted wage payments to its employees, including Plaintiff.

35. Plaintiff was not provided a correct written wage notice, in English and in Korean (the primary language identified by Plaintiff) when she was hired, including but not limited to information about her rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

36. Defendants failed to keep accurate records of the number of hours Plaintiff worked. Defendants utilized sign-in-and-out sheet to record Plaintiff's work hours, however, Plaintiff was not allowed to record all the hours she actually worked for Defendants. Accordingly, the time records are not accurate representation of the hours Plaintiff worked.

37. Defendants did not provide Plaintiff with a proper pay stub with each wage payment.

**NJ Family Bob**

38. From on or about March 1, 2019 to February 10, 2020, Plaintiff was transferred to Defendants' other catering restaurant, NJ Family Bob, located at 148 Main Street, Little Ferry, NJ 07643 ("NJ Family Bob") by Defendants as a kitchen helper. However, Plaintiff was also required to perform shopping and delivering groceries and picking up Defendants' employees from their residences to Defendants' NJ Family Bob catering restaurant although Plaintiff was still occasionally required to work at Defendants' NY Family Bob on some weekends.

39. From on or about March 1, 2019 to November 30, 2019, Plaintiff worked six (6) days each week as a *kitchen helper*. From Monday to Friday, she worked from 5:30 a.m. to 4:00 p.m. each day. On Saturday, Plaintiff worked from 8:00 a.m. to 2:00 p.m. On Sunday, Plaintiff worked from 10:00 a.m. to 1:00 p.m. on approximately three (3) to five (5) Sundays during the relevant time period. Plaintiff worked without any uninterrupted break each working day. Therefore, Plaintiff worked at least sixty-three and a half (63.5) hours per week if she worked only as a kitchen helper. Plaintiff was also responsible for shopping and delivering groceries and picking up Defendants' employees for five (5) days each week. From Monday to Friday, she drove to a grocery store at 4:30 a.m. and picked up Defendants' employee at 4:50 a.m. and picked up another employee at 5:10 a.m. from their residences and arrived to work at 5:30 a.m. Plaintiff was further required to work at NY Family Bob location to help with attaching labels reflecting expiration dates on the food containers for three (3) days from 10:00 a.m. to 1:00 p.m. on Sunday during the relevant period. Therefore, Plaintiff worked in total hours of at least sixty-eight and a half (68.5) hours per week.

40. From December 1, 2019 to February 10, 2020, Plaintiff worked five (5) days each week as a kitchen helper. From Monday to Friday, she worked from 5:30 a.m. to 4:00 p.m. each day with Saturday and Sunday off. Plaintiff worked without any uninterrupted break each working

7

day. Therefore, Plaintiff worked at least fifty-seven and a half (57.5) hours per week if she worked only as a kitchen helper. Plaintiff was also responsible for shopping and delivering groceries and picking up Defendants' employees for five (5) days each week. From Monday to Friday, she drove to a grocery store at 4:30 a.m. and picked up Defendants' employee at 4:50 a.m. and picked up another employee at 5:10 a.m. from their residences and arrived to work at 5:30 a.m. Therefore, Plaintiff worked in total hours of at least sixty-two and a half (62.5) hours per week.

41. From on or about March 1, 2019 to February 10, 2020, Defendants required Plaintiff to use Plaintiff's own car to deliver groceries and to drive Defendants' employees to Defendants' NJ Family Bob catering restaurant. Although Plaintiff spent approximately $78 per week or $15.60 per day on gas and other costs, Plaintiff was only reimbursed in the total amount of $350 for the period of March 1, 2019 to October 30, 2019. Thereafter, From November 1, 2019 to February 10, 2020, Plaintiff was paid $40 per week in cash for her use of her own vehicle for Defendants' catering restaurant.

42. Under the FLSA, Plaintiff is entitled to a credit for expenses for tools of trade.

43. The governing test regarding the "tools of the trade" is stated in the pertinent Department of Labor regulations: "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act" 29 C.F.R. § 531.35.

44. Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver groceries for Defendants' catering restaurant business. Specifically, Plaintiff was

8

required to spend approximately $78 per week or $15.60 per day on gas and other costs on maintenance during the relevant period in order to perform deliveries.

45. From on or about May 10, 2018 to November 30, 2019, Plaintiff was paid at a fixed weekly rate at $800.00 per week and was paid 30% by check and 70% in cash weekly, regardless of how many hours Plaintiff worked.

46. From on or about December 1, 2019 to December 22, 2019, Plaintiff was paid at a fixed weekly rate at $700.00 per week and was paid 30% (approximately $210.00) by check and 70% (approximately $490.00) in cash weekly, regardless of how many hours Plaintiff worked.

47. From on or about December 23, 2019 to February 10, 2020, Plaintiff was not paid at all.

## STATEMENT OF CLAIM

### COUNT I
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff]

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs1 to 47 as though fully set forth herein.

49. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

9

50. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

51. Defendants' failure to pay Plaintiff her overtime pay violated the FLSA.

52. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

53. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

54. Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's labor.

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

**COUNT II**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff]**

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

58. Defendants' failure to pay Plaintiff her overtime pay violated the NYLL.

59. Defendants' failure to pay Plaintiff was not in good faith.

## COUNT III
**[Violation of New York Labor Law—Spread of Time Pay Brought on behalf of Plaintiff]**

60. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

62. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT IV
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

63. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

64. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

65. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay,

11

regular pay cycle and rate of overtime on his or her first day of employment.

66. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

67. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT V
### [Violation of New York Labor Law—New York Pay Stub Requirement]

68. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

70. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff, and did not provide the paystub on or after Plaintiff's payday.

71. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VI
### [Violation of the Fair Labor Standards Act —Failure Reimburse for Expenses relating to Tools of the Trade]

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

73. At all relevant times, Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

74. Defendants failed to pay Plaintiff for expenses incurred in relation to tools of the trade that Plaintiff was required to spend approximately $78 per week or $15.60 per day on gas and other costs on maintenance during the relevant period in order to perform deliveries for Defendants' catering restaurant business.

75. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff when Defendants knew or should have known such was due.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests that this court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

b) An injunction against Family Bob Inc., d/b/a Family Bob, Family Bob Corp., d/b/a Family Bob, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c) An award of unpaid wages and overtime wages due Plaintiff under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty

five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

d) An award of unpaid overtime wages due under FLSA and New York Labor Law;

e) An award of unpaid "spread of hours" premium due under the New York Labor Law;

f) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. §216;

h) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay Plaintiff's wages, overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

i) An award of damages for reimbursement of tools of trade expenses;

j) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

k) The cost and disbursements of this action;

l) An award of prejudgment and post-judgment fees;

m) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

n) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

14

Dated: February 19, 2020　　　　　　　　　　HANG & ASSOCIATES, PLLC.
Flushing, NY

　　　　　　　　　　　　　　　　　　　　　　 */S/ JIAJING FAN*
　　　　　　　　　　　　　　　　　　　　　　Jiajing Fan, Esq.
　　　　　　　　　　　　　　　　　　　　　　136-20 38th Ave., Suite 10G
　　　　　　　　　　　　　　　　　　　　　　Flushing, New York 11354
　　　　　　　　　　　　　　　　　　　　　　Tel: 718.353.8588
　　　　　　　　　　　　　　　　　　　　　　jfan@hanglaw.com
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by __Family Bob (James Ryu__ and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

__Youngok Kim__
Full Legal Name (Print)

__Yayok K__
Signature

__Feb 12 / 2020__
Date

17